By the Court.
Mason, J.
The notice of protest of the note was sufficient, we think, in this ease, to bind the indorser. Although his residence was in Brooklyn, yet his place of business was in the city of New York; and it is also in evidence that he received his letters from the post-office in New York. It has been held, and we think correctly, that notice of protest of a note should be sent to the post-office where the indorser usually receives his letters, although in a different town from that in which he resides. (Ransom v. Mack, 2 Hill, 591.) The object of giving notice is to apprise the party of the'fact as soon as possible, and an indorser would have just reason to complain if he should be held by a notice directed to a post-office to which he is not in the habit of resorting, though in the same town where he resides, instead of the place from which it is known that he receives his letters, but which is out of the geographical bounds of the township in which he resides. Besides, the addition by the defendant of the words “13 Chambers-street,” beneath his indorsement, could have no other meaning than a direction as to the place where notice should be sent in case of the dishonor of the note, and the notice put in the post-office addressed to him, as was the notice in this case, to No. 13 *97 Chambers-street, was given strictly in compliance with his directions.
The referee erred in admitting proof of the original consideration of the note, for the purpose of rendering the defendants liable as partners. (National Bank v. Norton, 1 Hill, 577.) The plaintiff, who was a mere indorser of the note, could not sue on the original consideration.
Yet as the defendant Husson was liable as indorser, the report of the referee was right and must be confirmed.